1  [ALL COUNSEL LISTED
2  ON SIGNATURE PAGES]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| BERTHA MONCADA, INDIANA BERRENECHEA, EDDA NIX and BERTHA C. MONCADA TRUST, by and through Trustee EDDA NIX,<br><br>Plaintiffs,<br><br>vs.<br><br>ALLSTATE INSURANCE COMPANY, and DOES 1-10,<br><br>Defendants. | Case No. C 05-4762 CW<br><br>CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER |

WHEREAS, during the course of the above-captioned litigation (the "Action"), the parties may need to product documents or portions thereof constituting or containing confidential information ("Confidential Material"); and

WHEREAS, the parties desire to protect the confidential nature of all Confidential Material or information derived therefrom (also hereinafter included in the term "Confidential Material"); and

WHEREAS, the parties to this action and third parties have agreed or may agree in the future to furnish certain documents constituting or containing Confidential Material subject to this Confidentiality Agreement and Stipulated Protective Order without waiving any legal right or privilege relating to the confidentiality of such Confidential Material; and

CASE NO. C-05-4762 CW                    1             CONFIDENTIALITY AGREEMENT AND
                                                      [PROPOSED] STIPULATED PROTECTIVE ORDER

1    In accordance with this Stipulation of the parties, and for the purpose of preserving the confidentiality of documents and information that constitute or relate to personal, private or confidential business information;

IT IS HEREBY STIPULATED AND AGREED by and between the parties that a protective order shall be entered in this Action that shall apply as follows to all Confidential Material, whether contained or referenced in documents, deposition testimony, answers to interrogatories or document requests, written responses, answers to requests for admissions, affidavits, or declarations; in copies, extracts, and summaries (complete or partial) prepared from such documents, or in copies of any of the foregoing:

1. As used herein, the words "document" or "documents" shall include any "writing," as that term is set forth and defined in Federal Rule of Evidence 1001, including both "originals" and "duplicates" of any such writing.

2. The parties or any third party to this action may designate documents containing Confidential Material by marking each page so designated, at the time when it is first produced, served, or otherwise disclosed, with the legend "**Confidential**."

3. Any producing party may subsequently de-classify materials that it previously designated as "**Confidential**."

4. Any deposition testimony in this litigation, or any portion thereof, may be designated as Confidential Material by any party, or by any deponent not employed by any party, before or at the time of the deposition by the party's counsel or by the deponent in accordance with the following procedure:

(a) Such designation shall be made by letter or orally to all counsel.

(b) If the other party objects to designation of any material as confidential, the party requesting confidentiality shall have the burden of moving for the appropriate protective order. The non-moving party shall maintain confidentiality of the material for sixty days after the deposition, and if a motion is filed within that period, until the Court rules on the motion. If no motion is filed and served within sixty days, then the material will not be deemed confidential.

5. Any document or other material designated by any party as Confidential Material

1    shall not be used for any purpose except in connection with the prosecution or defense of this

2    Action (including any appeal) and may be disclosed only to the following persons for the sole

3    purpose of prosecution or defense of this Action;

4        (a)    the parties to this Action who agree to the terms of this Stipulated Protective Order

5    pursuant to paragraph 6 of this Stipulated Protective Order;

6        (b)    counsel of record for the parties to this Action and employees of such counsel who

7    are assisting counsel in the preparation of this Action for trial;

8        (c)    independent experts or consultants retained by the parties or their counsel of record

9    to assist in the preparation of this Action for trial, pursuant to paragraph 6 of this Confidentiality

10   Agreement and Stipulated Protective Order, but only to the extent such persons need such

11   Confidential Information for that preparation;

12       (d)    judicial officials, jurors, and Court personnel (including stenographic reporters

13   employed by the Court), pursuant to paragraph 6 of this Confidentiality Agreement and

14   Stipulated Protective Order;

15       (e)    stenographic reporters not employed by the Court who are reporting deposition

16   testimony in this Action, and their employees and agents who are assisting them for that

17   purpose; and

18       (f)    any other person under such terms as may be agreed by the parties in writing or as

19   the Court may hereafter order.

20   6.    As a prerequisite to disclosing Confidential Materials to any person identified in

21   paragraph 5(a), (c) and (e), the person to whom the Confidential Materials are to be disclosed

22   must first execute a document in which he or she agrees to be bound by the terms of the

23   Confidentiality Agreement and Stipulated Protective Order, a copy of which is attached hereto

24   as Exhibit A.

25   7.    Whenever any Confidential Material is submitted to the Court or used in

26   connection with any filing or proceeding in this Action, such document shall be submitted under

27   seal unless the party whose document or information to be submitted has consented in writing to

28   the disclosure or unless the Court otherwise directs.  The manner in which confidential

1  documents or information may be handled and disclosed in the course of the trial hereof shall be
2  determined by the Court at a pre-trial conference.

3        8.    Confidential Material may be disclosed to and discussed with the persons identified
4  in paragraph 5(b), (e) and (f) only if, prior to any disclosure or discussion of Confidential
5  Material, the party or the party's counsel shall inform each such person of the existence of this
6  Confidentiality Agreement and Stipulated Protective Order and instruct that such persons
7  respect its provisions.

8        9.    Counsel receiving Confidential Material shall not make more copies of such
9  Confidential Material than counsel deems reasonably necessary for the prosecution or defense
10  of this Action.  All copies of Confidential Material shall be kept and stored in a manner which
11  counsel deems reasonably calculated to preserve confidentiality.

12        10.    Promptly at the end of this action (including appeals, any satisfaction of judgment,
13  or any settlement of the Action), all copies of Confidential Material, including all copies in the
14  possession of experts and consultants, shall be returned by the counsel receiving such
15  Confidential Material to the counsel of the party or third party who produced or provided it.
16  Counsel for the parties may retain legal memoranda or opinion letters that contain references to
17  or information extracted from Confidential Material; however, the confidentiality of any such
18  memoranda or letters is to be protected in accordance with the terms of this Confidentiality
19  Agreement and Stipulated Protective Order.

20        11.    The provisions of this Confidentiality Agreement and Stipulated Protective Order,
21  insofar as they relate to the communication and use of Confidential Material, shall continue in
22  effect after the conclusion of this Action and until further order of the Court or agreement by the
23  parties in writing.

24        12.    If any dispute arises about whether a document constitutes Confidential Material,
25  the parties will try to resolve the dispute informally.  If informal resolution is not possible, the
26  party asserting confidentiality of the document will bring a motion to have the document
27  designated as Confidential Material with notice to all parties and upon a showing of good cause.

28        13.    This Confidentiality Agreement and Stipulated Protective Order may be modified

1   by written agreement of the parties or by order of the Court.  Any such agreement by the parties
2   shall be filed in this Action.
3        14.   By entering this agreement, no party waives any right it may have to object to any
4   discovery upon the grounds of privacy, confidentiality, or privilege, or to withhold information
5   or documents from discovery on such grounds.
6        15.   This agreement shall be enforceable between the parties as a contract regardless of
7   whether the Court enters it as an Order of the Court.  The parties to this agreement may exercise
8   any rights they may have, at law or in equity, to enforce its terms.
9        <u>IT IS SO STIPULATED</u>.

10  Dated:  October 3, 2006                LIEBERSON & WOLFORD LLP

13                                         By _____/s/_____
14                                              Joel Liberson

15                                         Attorneys for Plaintiffs
                                           BERTHA MONCADA, INDIANA
16                                         BERRENECHEA, EDDA NIX and BERTHA C.
                                           MONCADA TRUST

17  Dated:  October 3, 2006                KAHN BROWN & POORE LLP
18

21                                         By _____/s/_____
22                                              David M. Poore

23                                         Attorneys for Plaintiffs
                                           BERTHA MONCADA, INDIANA
                                           BERRENECHEA, EDDA NIX and BERTHA C.
24                                         MONCADA TRUST

CASE NO. C-05-4762 CW                 5           CONFIDENTIALITY AGREEMENT AND
                                                  [PROPOSED] STIPULATED PROTECTIVE ORDER

1

2   Dated:  October 3, 2006                SONNENSCHEIN NATH & ROSENTHAL LLP

3

4                                          By          /s/

5                                              Sonia Martin

6                                          Attorneys for Defendant
                                           ALLSTATE INSURANCE COMPANY
7

8         IT IS SO ORDERED. **But**

9   **see Local Rule 79-5.**

10                                         _____

11  Dated:  October 6, 2006                    Honorable Claudia Wilken
                                                United States District Judge
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CASE NO. C-05-4762 CW              6       CONFIDENTIALITY AGREEMENT AND
                                           [PROPOSED] STIPULATED PROTECTIVE ORDER

## EXHIBIT A

I hereby acknowledge that I have received and read a copy of the Confidentiality Agreement and Stipulated Protective Order in the action entitled *Bertha Moncada, Indiana Berrenechea, Edda Nix, and Bertha C. Moncada Trust, by and through Trustee Edda Nix v. Allstate Insurance Company, and Does 1-10*, United States District Court, Northern District of California, Case No. C 05-4762 CW.  I agree to be bound by the provisions of that Confidentiality Agreement and Stipulated Protective Order with respect to any "Confidential Material" disclosed to me, and I specifically agree that I will not communicate, reveal, or use any "Confidential Material" except in accordance with the terms of the Confidentiality Agreement and Stipulated Protective Order.  I further agree to return any Confidential Material provided to me and all copies thereof to the party or counsel who provide such Confidential Material to me.

I hereby submit to the jurisdiction and venue of the United States District Court, Northern District of California, for all purposes relating to the enforcement of the provisions of the Stipulated Protective Order.

I declare under penalty of perjury that the following is true and correct.

Executed this _____ day of _____ 2006 at _____
                                                                                                        (City, State)

_____
Signature

_____
Name (typed)

27248497