1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BERTHA MONCADA, INDIANA BERRENECHEA,
and EDDA NIX,

        Plaintiffs,

    v.

ALLSTATE INSURANCE COMPANY, and DOES
1 through 10, inclusive,

        Defendants.

_____/

No. C 05-4762 CW

ORDER DENYING
DEFENDANT'S
MOTION FOR LEAVE
TO FILE AN
AMENDED ANSWER
AND GRANTING
DEFENDANT'S
MOTION TO MODIFY
AND CONFIRM
APPRAISAL AWARD

Defendant Allstate Insurance Company has filed a motion for
leave to file an amended answer and a motion to correct and confirm
the appraisal award.  Plaintiffs Bertha Moncada, Indiana
Berrenechea and Edda Nix oppose the motions.  The motions are
decided on the papers.  Having considered all of the parties'
papers and arguments, the Court denies the motion for leave to file
an amended answer and grants the motion to modify and confirm the
appraisal award.

BACKGROUND

This dispute arises out of Plaintiffs' allegations that Defendant underpaid an insurance claim after a fire damaged their home. In an order dated December 20, 2006, the Court granted in part Defendant's motion for summary judgment. The only remaining issue was the extent of any underpayments of Plaintiffs' insurance claim underlying their breach of contract claim. Defendant filed an unopposed motion to compel appraisal of such amount, if any, which the Court granted.

The parties' dispute was submitted to appraisal on April 1, 2008. On April 28, 2008, the appraisal panel entered an award of (1) $213,020.78 to restore Plaintiffs' home to its pre-loss condition; (2) $4,300 for mold remediation; (3) $900.00 for content items in dispute identified as books, a water cooler and cable boxes; and (4) $21,000 for additional living expenses (ALE), representing six months of rent at $3,500 per month. Campos Decl., Ex. B. The panel described the award as the amount necessary to restore the dwelling to its pre-loss condition and stated that it was "made without consideration of any deductible amount or other provision of the above policy which might affect the amount of the insurer's liability thereunder." Id. Moreover, the award states that it "also does not consider any payment which may have been made to the Insured." Id.

On June 5, 2008 Defendant filed a motion to correct and confirm the arbitration award. Because Defendant had already paid Plaintiffs $276,417.11, an amount greater than the $239,220.78 awarded by the appraisal panel, it argued that it was entitled to

2

United States District Court
For the Northern District of California

1    judgment in its favor.  Plaintiffs argued that Defendant's motion

2    was improper.  In particular, Plaintiffs contended that Defendant's

3    position that Plaintiff was entitled to take nothing was foreclosed

4    because Defendant had not filed a counter-claim for "reimbursement

5    of policy benefits."  Plaintiffs' Case Management Statement, Docket

6    No. 121.  Moreover, Plaintiffs asserted that Defendant had "now

7    lost the Appraisal, and must be required to pay the amounts owed

8    and awarded."  Id.

9        At a case management conference, the parties agreed to

10   postpone the due date for Plaintiffs' opposition to Defendant's

11   motion to correct and confirm the award and to move for

12   clarification from the appraisal panel.

13       On June 30, 2008, the appraisal panel wrote,

14           The awarded amounts reflect the appraisal panel's
         opinion of the total value of the loss.  Since the
15       appraisal panel does not consider insurance policies
         and coverage issues, there is no consideration of what
16       has previously been paid and the panel has not made any
         computations for any amounts paid or payable.
17           Similarly, the panel found that the loss of use
         for this specific project would be six months at
18       $3,500.00 each month.  Again, we do not apply policy
         conditions, we only state the value.

19

20   Campos Decl., Ex. D.

21                              DISCUSSION

22   I.   Motion for leave to file an amended answer

23       If leave to amend requires relief from a scheduling order, a

24   party's ability "to amend his [pleading is] governed by Rule 16(b),

25   not Rule 15(a)."  Johnson v. Mammoth Recreations, Inc., 975 F.2d

26   604, 608 (9th Cir. 1992).  Under Rule 16(b), to modify a court's

27   scheduling order, the moving party must show good cause warranting

28                                  3

the modification.  Fed. R. Civ. P. 16(b); <u>Johnson</u>, 975 F.2d at 608.

Courts look primarily at the diligence of the moving party to

determine whether there is good cause.  <u>Johnson</u>, 975 F.2d at 609.

"Although the existence or degree of prejudice to the party

opposing the modification might supply additional reasons to deny a

motion, the focus of the inquiry is upon the moving party's reasons

for seeking modification."  <u>Id.</u>  If the moving party is not

diligent, the inquiry should end.  <u>Id.</u>

    In this case, the deadline to add additional parties or claims

was May 1, 2006.  <u>See</u> Docket No. 18.  Defendant argues that it has

been diligent because it "had no need to raise a defense of offset

until the appraisal panel determined it had overpaid a substantial

portion of plaintiffs' claim."  Reply at 4.  However a party need

not wait until its claim has been decided by binding appraisal

before it is aware of its claim.  Indeed, Defendant's position has

always been that its payments have been sufficient to satisfy

Plaintiffs' claims under the policy.  It was unlikely that the

appraisal panel would find that Plaintiffs' loss matched exactly

Defendant's payment.

    Defendant has not been diligent in pursuing its counterclaims.

Therefore, the motion to amend the answer is denied.

II.  Motion to correct and confirm the appraisal award

        A.   Legal standard

    Defendant argues that its motion to correct and confirm the

appraisal award is governed by the Federal Arbitration Act (FAA).

Plaintiffs counters that the California Arbitration Act (CAA)

applies.  Plaintiffs' argument is based in part on their position

United States District Court
For the Northern District of California

that the FAA cannot apply to insurance contracts.  However, the

McCarran-Ferguson Act, upon which Plaintiffs rely, provides only

that "[n]o Act of Congress shall be construed to invalidate,

impair, or supersede any law enacted by any State for the purpose

of regulating the business of insurance, or which imposes a fee or

tax upon such business, unless such Act specifically relates to the

business of insurance." 15 U.S.C. § 1012(b).  As Defendant points

out, the only state law identified by Plaintiffs is the CAA.  Not

only is the CAA not directly related to the regulation of

insurance, but Plaintiffs have not identified any way in which the

application of the FAA and the CAA differ.

Title 9, United States Code, section 11 provides that

> the United States court in and for the district wherein
> the award was made may make an order modifying or
> correcting the award upon the application of any party
> to the arbitration . . . [w]here the award is imperfect
> in matter of form not affecting the merits of the
> controversy.
>      The order may modify and correct the award, so as
> to effect the intent thereof and promote justice
> between the parties.

Defendant argues that a modification of the appraisal award is

necessary to take into account the $276,417.11 it has already paid

to Plaintiffs.  Defendant bases this on the panel's confirmation

that the award constitutes its total valuation of the loss

presented to it, without consideration of any amount already paid

to Plaintiffs.

Plaintiffs counter that it is improper to deduct from the

panel's award any amount Defendant already paid to them.  The Court

finds that, because the panel did not consider the amounts already

paid by Defendant on these allegedly underpaid claims, it is only

5

United States District Court
For the Northern District of California

1  proper to take those payments into account in determining the

2  amount, if any, to which Plaintiffs are entitled.

3      Plaintiffs next argue that, even if the Court considers the

4  amounts already paid by Defendant, they are still entitled to

5  approximately $30,000 in additional benefits.  Plaintiffs reach

6  this conclusion by comparing the amounts awarded by the panel for

7  specific categories of coverage to the amounts paid by Defendant.

8  For example, Plaintiffs point out that the appraisal panel valued

9  the benefits due for repairs to the building as $213,020.78 and

10 Defendant has paid only $187,677.60 toward repairs to the building.

11 Therefore, Plaintiffs contend that they are entitled to an

12 additional $25,343.18 in benefits based on the building repairs.

13 Moreover, Plaintiffs contend that Defendant is not entitled to

14 offset the appraisal award by $67,739.57, the amount Defendant

15 overpaid Plaintiffs in ALE according to the appraisal panel's

16 valuation of the claim.  Although Plaintiffs contend that their

17 approach is "the appropriate procedure," they provide no supporting

18 citations.  Opposition at 12.

19     Defendant counters, also without citation, that "Plaintiffs

20 are incorrect."  Reply at 5.  Defendant argues that Plaintiffs seek

21 a "single award of damages" based on their breach of contract

22 claim, and do not "seek separate monetary awards on various

23 elements of their claim."  Id.  Therefore, Defendant contends that

24 "an essential element of [Plaintiffs'] case is that their insurance

25 claim was underpaid."  Id.  Because the appraisal panel determined

26 that Plaintiffs' claim, as a whole, was not underpaid, Defendant

27 argues that it is entitled to judgment in its favor.  Indeed, the

28                                    6

first amended complaint alleges, "As a direct and legal result of ALLSTATE'S breach of its contractual duties, PLAINTIFFS have been denied the benefits of the Policy and have sustained damages in an amount as yet unknown, but in excess of $250,000." FAC ¶ 20.

Because Plaintiffs have received more money than they were entitled to under the terms of their policy, they cannot demonstrate that they have been damaged by Defendant's underpayment of a specific category of benefits. Under California Civil Code § 3302, "The detriment caused by the breach of an obligation to pay money only, is deemed to be the amount due by the terms of the obligation, with interest thereon." Further, California Civil Code § 3358 provides that, unless otherwise provided for by statute, "no person can recover a greater amount in damages for the breach of an obligation, than he could have gained by the full performance thereof on both sides." Plaintiffs have been paid more than they were due under the terms of the policy.

The Court therefore modifies the appraisal award to take into account the amount already paid by Defendant and confirms the award.

CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's motion for leave to file an amended answer (Docket No. 126) and GRANTS Defendant's motion to modify and confirm the appraisal award (Docket No. 127).[1]  The hearing previously scheduled for August 28,

---

[1]Defendant's objections to evidence submitted by Plaintiffs are DENIED as moot.  The Court did not consider any improper or inadmissible evidence in deciding these motions.

2008 is hereby VACATED.

The Clerk shall close the case and enter judgment for Defendant.  The parties shall bear their own costs.

IT IS SO ORDERED.

Dated:  8/26/08

_____
CLAUDIA WILKEN
United States District Judge